UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 17-62218-CIV-MARTINEZ/HUNT

DENTAL FIX RX, LLC,

    Plaintiff,

v.

BRANDON MOORE and
PRACTICEWORKS, LLC,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on Plaintiff and Counter-Defendants' Motion for Bill of Costs, ECF No. 150, and Motion for Attorney's Fees, ECF No. 154. The Motions were referred to the undersigned for a Report and Recommendation. ECF Nos. 152, 155; see also 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record, the Motions, and applicable law, the undersigned respectfully RECOMMENDS that Movants' Motions be GRANTED, as set forth below.

## **BACKGROUND**

On November 13, 2017, Plaintiff Dental Fix Rx, LLC, brought this action against Defendants Brandon Moore and Practiceworks, LLC, alleging that Defendants failed to make certain payments in keeping with the Parties' franchise agreements. ECF No. 1. During this action, Brandon Moore and Practiceworks, LLC, made counterclaims against Plaintiff and Counter-Defendants David Lopez, Darrine Miller and Michael Parker. ECF No. 5. Following a bench trial, the Court on May 14, 2021, entered its Final Judgment, finding that Plaintiff was entitled to recover reasonable attorneys' fees and costs for

bringing its claims, and that Counter-Defendants were entitled to recover reasonable fees and costs for defending Count II of Moore and Practiceworks' counterclaims. ECF No. 149. Plaintiff and Counter- Defendants now seek $167,921.40 in attorneys' fees and costs of $4,925.90. In their Memorandum of Law in Support of the Bill of Costs, ECF No. 151, Plaintiff and Counter-Defendants indicate that Moore and Practiceworks do not object to the Bill of Costs. As for the Motion for Attorney's Fees, Plaintiff and Counter-Defendants indicate that Moore and Practiceworks did not agree as to fees. However, Defendants/Counter-Plaintiffs did not file a response to Plaintiff and Counter-Defendants' Motion.

## DISCUSSION

In the instant case, Plaintiff and Counter-Defendants are prevailing parties and entitled to recover reasonable attorneys' fees and costs pursuant to the Court's Findings of Fact and Conclusions of Law, ECF No. 148, and Final Judgment, ECF No. 149.

### Fees

This Court uses the lodestar method to calculate reasonable attorneys' fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorneys' fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing

2

the requested hourly rate of a six-year attorney from $300 to $250).  The movant bears the burden of proving that the requested rate is consistent with prevailing market rates.  *Norman*, 836 F.2d at 1299.  In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted).  Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing.[1]  *Id.*

1. <u>Reasonable Hourly Rate</u>

Plaintiff and Counter-Defendants seek $167,921.40 in attorneys' fees based upon professional services rendered. This Court must consider twelve factors when "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable.'"  *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018).  These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the

---

[1] The undersigned concludes that an evidentiary hearing is not necessary in the present case.  A hearing on a fee petition is required only where one is requested, where facts are in dispute, and where the record is not sufficiently clear to allow the trial court to resolve those disputes.  *Norman*, 836 F.2d at 1303–04.  Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'"  *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309).  The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise.  Furthermore, the written record here is of sufficient clarity to permit this Court to resolve any issues of fact that may exist.

> customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.* (internal quotations and citations omitted).

This Court has considered attorney Robert M. Einhorn's affidavit and the twelve factors. Plaintiff and Counter-Defendants seek rates of $475 per hour for both Einhorn and attorney Kaari-Lynn S. Gagnon; $325 per hour for attorneys Michael D. Braunstein and Jose R. Lavergne; and $95 per hour for paralegals Anite Coro and Aude Piriou. Both Einhorn and Gagnon are partners at their firm. Einhorn, who is managing partner, has been practicing for 31 years, while Gagnon has 14 years of experience. Braunstein and Lavergne are attorneys with the firm, with four and two years of experience, respectively. Based upon this Court's own knowledge and experience, and in keeping with current trends in this District, this Court concludes that the hourly rates are a reasonable rate for attorneys with counsels' experience.

Regarding the paralegals, "in general, fees for paralegal or other non-attorney work are recoverable to the extent that the [professional] performs work traditionally done by an attorney." *TYR Tactical, LLC v. Productive Prod. Enter., LLC*, No. 15-61741-CIV-BLOOM/VALLE, 2018 WL 3110799, at *5 (S.D. Fla. Apr. 11, 2018), *report and recommendation adopted sub nom. TYR Tactical, LLC v. Protective Prod. Enterprises, LLC*, No. 15-61741-CIV-BLOOM/VALLE, 2018 WL 3109624 (S.D. Fla. Apr. 30, 2018),

*amended*, No. 15-61741-BLOOM/VALLE, 2018 WL 2672391 (S.D. Fla. June 5, 2018) (internal quotation omitted). A review of Plaintiff's submissions shows that the compensable paralegal work was of the kind traditionally done by an attorney. Further, the undersigned finds the rate requested reasonable. *TYR Tactical*, 2018 WL 3110799, at *10.

### 2. Hours Reasonably Expended

Upon determination of the hourly rate, a court must determine the reasonable amount of hours expended in the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on the attorneys' exercise of "billing judgment," such as the attorneys' exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434.

Plaintiff and Counter-Defendants request 88 hours for attorney Einhorn, 36.8 hours for attorney Gagnon, 333.2 hours for attorney Braunstein, and 0.33 hours for attorney Lavergne. Movants also request 2.57 hours for paralegals. The undersigned has reviewed the billing record line-by-line and compared it to the filings generated, noting in particular that this case spanned multiple years and was ultimately subject to a bench trial. The undersigned has also reviewed the affidavit by Einhorn attached to the filings and considered that Defendants/Counter-Plaintiffs did not articulate to this Court any

objections to the time entries. Having considered the relevant evidence and caselaw, the undersigned finds the hours spent on this case to be reasonable. Accordingly, this Court recommends that Plaintiff and Counter-Defendants be compensated for all requested hours of work expended on this case.

### 3. Lodestar Amount and Adjustment

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010). The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id.* at 554–56.

Here, the undersigned finds no reason to depart from the lodestar calculation in this case. Accordingly, attorney Einhorn should be compensated for 88 hours of work at $475 per hour, totaling $41,800. Attorney Gagnon should be compensated for 36.8 hours at $475 per hour, totaling $17,480. Attorney Braunstein should be compensated for 333.2 at $325 per hour, totaling $108,290. Attorney Lavergne should be compensated for 0.33 hours of work at $325 per hour, totaling $107.25. Movants should also be compensated for 2.57 hours of work at $95 per hour for paralegals, totaling $244.15. The total amount

of fees the undersigned recommends be awarded in this case is $167,921.40

## Costs

Plaintiff seeks to recover $4,925.90 in litigation costs, which result from the initial filing fee paid to the Clerk of Court, process server fees, and deposition transcripts. ECF No. 151. The costs of service and filing fees are routine expenses in litigation, which the undersigned finds are compensable. *See* 28 U.S.C. § 1920 (enumerating costs that court may tax). An exception arises when a Plaintiff uses a private process server. *See EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Such costs are recoverable provided the rate charged does not exceed the cost of having a U.S. Marshal effect service. *See id.* 28 C.F.R. § 0.114(a)(3) states that the current rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." It appears that the amount requested is lower for the two items served than it would be for service by a U.S. Marshal, and it is therefore recoverable. Likewise, transcripts necessarily obtained for use in the case are recoverable expenses under § 1920. Having taken into account the case file, as well as the declaration attached to the Bill of Costs and the fact that the request is unopposed, the undersigned finds that the costs of the transcripts are recoverable. Accordingly, Plaintiff should be awarded $4,925.90 in costs

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff and Counter-Defendants' Bill of Costs, ECF No. 151, and Motion for Attorneys' Fees, ECF No. 154, be GRANTED to the extent that the moving Parties be awarded attorneys' fees of $167,921.40 and costs of $4,925.90, for a total award of $172,847.30.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 21st day of January 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Jose E. Martinez
All Counsel of Record